UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 21-CR- **21-CR-200**
[18 U.S.C. §§ 1589(a), 1589(b), 1590(a), 1592(a), 1594(a), & 1594(b); 8 U.S.C. § 1324(a)(l)(A)(iii), (A)(v)(I), & (B)(i)]

ALEJANDRO HERNANDEZ MELCHOR,
a.k.a. "EL CHINO," "CHINO,"

    Defendant.

## INDICTMENT

### COUNT ONE
(Forced Labor Conspiracy)

**THE GRAND JURY CHARGES THAT:**

Beginning in approximately January 2015, and continuing through on or about November 10, 2016, in the State and Eastern District of Wisconsin, the State and Middle District of Georgia, and elsewhere,

**ALEJANDRO HERNANDEZ MELCHOR,
a.k.a. "EL CHINO," "CHINO,"**

conspired and agreed with others known and unknown to the grand jury to knowingly provide and obtain the labor and services of adult males, that is, Mexican national victims AV-2, AV-4, AV-5, AV-9, AV-10, AV-11, AV-13, AV-14, AV-15, and AV-16, by means of

1

serious harm and threats of serious harm, the abuse and threatened abuse of law and legal process, and a scheme, plan, and pattern intended to cause the victims to believe that if they did not perform such labor and services, they would suffer serious harm, in violation of Title 18, United States Code, Section 1589(a).

In violation of Title 18, United States Codes, Section 1594(b).

## COUNT TWO
### (Trafficking with Respect to Forced Labor)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately January 2015 and continuing through on or about November 10, 2016, in the State and Eastern District of Wisconsin, the State and Middle District of Georgia, and elsewhere,

**ALEJANDRO HERNANDEZ MELCHOR,**
a.k.a. "EL CHINO," "CHINO,"

did knowingly recruit, harbor, transport, provide, and obtain AV-2, AV-4, AV-5, AV-9, AV-10, AV-11, AV-13, AV-14, AV-15, and AV-16, for labor and services in violation of Title 18, United States Code, Chapter 77, that is, forced labor in violation of Title 18, United States Code, Section 1589(a).

In violation of Title 18, United States Code, Section 1590(a).

3

## COUNT THREE
(Financial Benefit from a Venture Involving Forced Labor)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately January 2015 and continuing through on or about November 10, 2016, within the State and Eastern District of Wisconsin, the State and Middle District of Georgia, and elsewhere,

**ALEJANDRO HERNANDEZ MELCHOR,**
a.k.a. "EL CHINO," "CHINO,"

did financially benefit, and did attempt to financially benefit, by knowingly receiving things of value from participation in a venture that engaged in providing and obtaining the labor and services of AV-2, AV-4, AV-5, AV-9, AV-10, AV-11, AV-13, AV-14, AV-15, and AV-16 by means of serious harm and threats of serious harm; the abuse and threatened abuse of law and legal process; and a scheme, plan, and pattern intended to cause the victims to believe that if they did not perform such labor and services, they would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(b) and 1594(a).

4

## COUNT FOUR
(Document Servitude Conspiracy)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning in approximately July 2015 and continuing through on or about November 10, 2016, within the State and Eastern District of Wisconsin, the State and Middle District of Georgia, and elsewhere,

**ALEJANDRO HERNANDEZ MELCHOR,**
a.k.a. "EL CHINO," "CHINO,"

conspired and agreed with others known and unknown to the grand jury to knowingly conceal, remove, confiscate, and possess the actual and purported passports of AV-2, AV-4, AV-5, AV-9, AV-10, AV-11, AV-13, AV-14, AV-15, and AV-16 (hereinafter "the victims"), in the course of a violation of Title 18, United States Code, Sections 1589 and 1590; with intent to violate Title, 18, United States Code, Sections 1589 and 1590, and to prevent and restrict and attempt to prevent and restrict, without lawful authority, the victims' liberty to move and travel, in order to maintain their labor and services when they were victims of a severe form of human trafficking, in violation of Title 18, United States Code, Section 1592(a).

In violation of Title 18, United States Code, Section 1594(b).

## COUNT FIVE
### (Conspiracy to Commit Alien Harboring for Financial Gain)

THE GRAND JURY FURTHER CHARGES THAT:

Beginning in approximately July 2015, and continuing through on or about November 10, 2016, in the State and Eastern District of Wisconsin, and elsewhere

**ALEJANDRO HERNANDEZ MELCHOR,**
a.k.a. "EL CHINO," "CHINO,"

knowing and in reckless disregard of the fact that aliens AV-2, AV-4, AV-5, AV-9, AV-10, AV-11, AV-13, AV-14, AV-15, and AV-16, Mexican nationals, remained in the United States in violation of law, conspired and agreed with others, known and unknown to the grand jury, to knowingly conceal, harbor, and shield from detection such aliens in buildings and other places for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(l)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).

## FORFEITURE NOTICE

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1589, 1590, or 1594, set forth in Counts One through Four of this Indictment, the defendant shall forfeit to the United States of America, under Title 18, United States Code, Section 1594:

   a. Any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offense or offenses of conviction, and any property traceable to such property; and

   b. Any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of the offense or offenses of conviction.

The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds obtained directly or indirectly as a result of the offense(s) of conviction.

2. Upon conviction of an offense in violation of Title 8, United States Code, Section 1324, set forth in Count Five of this Indictment, the defendant shall forfeit to the United States, under Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 982(a)(6):

   a. any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and

   b. any property, real or personal—

      i. that constitutes, or is derived from, or is traceable to, the proceeds obtained directly or indirectly from the commission of the offense; or

    ii.  that was used to facilitate, or was intended to be used to facilitate, the commission of the offense.

The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds obtained directly or indirectly from the commission of the offense.

  3.  If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the United States of America shall be entitled to forfeiture of substitute property.

A TRUE BILL:

████████████████

FOREPERSON

Date: 9/28/2021

*for* RICHARD G. FROHLING
Acting United States Attorney

8